UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

R. WAYNE JOHNSON,

Plaintiff, Case No. 1:16-cv-144

v. Honorable Paul L. Maloney

ELLEN S. CARMODY et al.,

Defendants.
______________________________________/

**OPINION**

This is a civil rights action brought by a Texas state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed as frivolous.

**Factual Allegations**

Plaintiff currently is incarcerated at the William P. Clements Unit, a state prison in Amarillo, Texas. In his *pro se* complaint, Plaintiff sues District Judge Janet T. Neff and Magistrate Judge Ellen S. Carmody of this Court. Plaintiff filed a previous civil action in this Court that was assigned to Judges Neff and Carmody. *See Johnson v. Zimmer et al.*, 1:15-cv-1102 (W.D. Mich.). The Court issued a deficiency order because Plaintiff failed to pay the civil action filing fee or to apply in the proper manner to proceed *in forma pauperis*. That action ultimately was dismissed by the Court without prejudice on February 12, 2016, because Plaintiff failed to cure his deficiency.

The instant complaint is difficult to follow and is primarily composed of case citations and parentheticals. The only factual allegation against the named Defendants is as follows (verbatim): "Defendants violated 4th Amend too had mail sent by clerks knowing would be opened by prison." (Compl. ¶ 7, ECF No. 1, PageID.2). For relief, Plaintiff seeks damages of two million dollars.

**Discussion**

An action may be dismissed as frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Brown v. Bargery*, 207 F.3d 863, 866 (2000); *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). Claims that lack an arguable or rational basis in law include claims for which the defendants are clearly entitled to immunity and claims of infringement of a legal interest which clearly does not exist; claims that lack an arguable or rational basis in fact describe fantastic or delusional scenarios. *Neitzke*, 490 U.S. at 327-28; *Lawler*, 898 F.2d at 1199. Arguably, Plaintiff claims that mail sent to him from this Court concerning his previous case was improperly opened

by state prison officials in Texas. Plaintiff's claim lacks an arguable or rational basis in law as Judges Neff and Carmody clearly cannot be held responsible for the conduct of state prison officials in Texas. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978). Consequently, Plaintiff's action will be dismissed as frivolous.

**Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.

Dated: April 12, 2016

/s/ Paul L. Maloney
Paul L. Maloney
United States District Judge